. By the Court.
Woodruff, J.
—Upon a review of the case as now submitted, it appears that what was said in the opinion pronounced at the June Term, 1857, in regard to the presumption arising upon the case as then presented, that the jury were properly instructed as to all questions of law which were material as a guide to their deliberations, and that their general verdict for the plaintiff must be deemed to have been found under those instructions, is not applicable to the case as- it actually occurred, and as it now, on a resettlement, appears.
As resettled, the case now shows that it was conceded that there could be no controversy as to what facts the evidence established, and that the case presented questions of law only.
It is manifest that a verdict for the plaintiff taken by consent, in pursuance of such a concession, must be deemed at least as favorable to him upon the facts in issue, as it would be if found by a jury. And after such a concession, the defendant certainly cannot ask that it be set aside upon any question of fact which may be involved in the issues between the parties; all such issues must be deemed settled by mutual consent.
In substance and effect the case now reads, that by concession of the parties, the controverted questions of fact are settled and agreed upon as follows: First. That certain special matters of fact are as set forth in the special findings now agreed upon; and, Second. All other questions of fact presented by the issues in the action are established in favor of the plaintiff. In other words, upon the issues the plaintiff is entitled to a verdict, except so far as certain agreed facts specially found may show that he is not entitled to recover, or may limit or diminish the amount of the recovery.
The consenting to and taking such a verdict, subject to the opinion of the Court upon the questions of law arising in the *477 case, preserves to the parties the right to discuss the exceptions taken on the trial, if any; the question whether a nonsuit moved for ought to have been granted, and whether upon the facts found as above stated the plaintiff is entitled to judgment, or to what extent, if any, the general verdict should be modified by the special findings.
A verdict subject to the opinion of the Court, where the facts are controverted and the evidence conflicting, would not be proper. This we have often held, and such a verdict taken without consent and by" order of the Court, would in such case be a mis-trial. But where the parties agree that there can be no controversy as to what facts the evidence establishes and proceed to embody the result of the proofs in an agreed verdict, that verdict must be taken to establish the facts according to its tenor.
It is not apparent then, that the resettlement of the case, has presented it to our consideration any more favorably to the defendant than it was before, in this respect.
In regard to the questions of law subject to which the verdict was taken, it may be that the case is more fully open to discussion than was intimated in our former opinion. But even that is not clear. If it is, then it must suffice to observe that although we intimated that the only questions then properly presented, were whether the nonsuit ought to have been granted, and whether, upon the special finding, the sum due to the defendant from J. De W. Spurr should be deducted from the verdict, yet we followed the course pursued by the counsel in arguing the cause, and considered the other questions raised. We now find no reason for changing the opinions then expressed, and our opinion upon the questions of law then given, must be taken as our opinion upon the same questions as now resubmitted to us.
Judgment should therefore be rendered for the plaintiff on the verdict.
Judgment ordered accordingly.